UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17CV-P1-TBR

RUSSELL B. MULLINS                                                                    PLAINTIFF

v.

MATTHEW JOHNSON *et al.*                                                         DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff Russell B. Mullins filed the instant *pro se* complaint under 42 U.S.C. § 1983. Upon initial review, the Court allowed Plaintiff's claims of deliberate indifference to his serious medical needs to proceed against Defendants Matthew Johnson and Lizzie Lenniz in their individual capacities (DN 8). This matter is now before the Court on a motion filed by Plaintiff in which he states that he "would like to drop or withdraw my law suit against Matthew Johnston, reason because I see that it will be impossible to get the information that I need, to pursue in winning my case" (DN 15). Defendant Matthew Johnson filed a response to the motion stating that he has no objection to Plaintiff's motion and asks for the matter to be dismissed with prejudice (DN 16).

Before the Court addresses the motion, Plaintiff must clarify what relief he is seeking. Plaintiff states that he would like to withdraw his lawsuit against "Johnston" whom the Court presumes is Defendant Johnson. However, he does not indicate whether he seeks to dismiss his claims against Defendant Lenniz, as well. Upon review of the docket, service was returned unexecuted on Defendant Lenniz. However, before the Court orders that service be re-executed on this Defendant, Plaintiff must inform the Court whether he wishes to continue this suit against Defendant Lenniz or dismiss the case in its entirety.

In addition, the Court advises the *pro se* Plaintiff that if this matter is dismissed with prejudice, he will not be permitted to bring these claims against these Defendants in the future.

Furthermore, Plaintiff is advised that the dismissal of this action will not release his obligation to pay the filing fee for this action. The obligation to pay the filing fee attaches when a prisoner "brings a civil action." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002). "Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint . . . is filed. . . . Any subsequent dismissal of the case does not negate this financial responsibility." *Id.*; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (citations omitted). Therefore, Plaintiff's voluntary dismissal of his case does not relieve him of his responsibility to pay the full amount of the filing fee in this action. *See In re Alea*, 286 F.3d at 381.

Finally, the Court's Order Directing Service and Scheduling Order (DN 8) directed the following:

> The parties shall complete all pretrial discovery herein no later than **June 19, 2017**. As a requirement of discovery, Defendants counsel shall produce to Plaintiff all records or documentation relevant to the remaining claims. **Counsel shall certify that the production is complete and shall file the certification with the Court**. Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his remaining claims. **Plaintiff shall certify that production is complete and shall file the certification with the Court**.

(Emphasis in original.) As this matter is still pending at this time, **both parties are required to comply with the above provision**. To the extent that Plaintiff maintains that it will be "impossible to get the information" that he needs, he may review the records or documentation produced to him by Defendant Johnson's counsel when considering whether to dismiss any part of this action.

Therefore, before ruling on the instant motion, the Court will give Plaintiff the opportunity to state whether he wishes to voluntarily dismiss the entire action, the claims against Johnson only, or continue with this entire action in light of the above. Accordingly,

**IT IS ORDERED** that within **30 days** of the entry of this Order **Plaintiff shall inform the Court** in writing whether he wishes to proceed with this action or move for a voluntary dismissal of either Defendant or the entire action. **If Plaintiff does not notify the Court in writing that he wishes to proceed with this action within 30 days of the entry of this Order, the Court will construe his letter as a motion for voluntary dismissal under Fed. R. Civ. P. 41(a) and dismiss the entire action.**

Date:


cc: Plaintiff, *pro se*
      Counsel of record
      Defendant Lenniz
4413.010